**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ASHLEY HOLLOWAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:26-cv-02975** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **EVA MAE RECOVERY HOPE, INC.,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |
| | ) | |

**<u>COMPLAINT</u>**

Plaintiff, Ashley Holloway ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Eva Mae Recovery Hope, Inc. ("Defendant"), and in support states as follows:

**<u>NATURE OF PLAINTIFF'S CLAIMS</u>**

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") and the Illinois Human Rights Act, 775 ILCS 5/ ("IHRA"), seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII 42 U.S.C. § 2000e, *et seq.* and the IHRA, 775 ILCS5/.

**<u>JURISDICTION AND VENUE</u>**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. This Court has pendent jurisdiction and supplementary jurisdiction of Counts IV through VI through 28 U.S.C. § 1367.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5, have occurred or been complied with.

6. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") (attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

8. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

9. At all times relevant to the allegations in this Complaint, Plaintiff, Ashley Holloway, was a natural person, over 18-years-of-age, who resided in Cook County, Illinois.

10. At all times relevant to the allegations in this Complaint Defendant, Eva Mae Recovery Hope, Inc., was a corporation specializing in Healthcare and Human Services, doing business in and for Cook County, located at 6614 South Halsted Street, Chicago, IL, 60621-2090.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C § 2000e(f).

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

13. Plaintiff worked for Defendant as a Licensed Counselor from on or about January 1, 2021, until Plaintiff's unlawful constructive discharge on or about June 23, 2025.

14. Plaintiff met or exceeded Defendant's performance expectations throughout the entire duration of her employment.

15. At all times relevant to the allegations of this Complaint, Plaintiff was female and was a member of a protected class because of her sex, female.

16. Since at least April 2025 until her termination, Defendant subjected Plaintiff to different terms and conditions of employment than others not within her protected class and subjected Plaintiff to a hostile work environment on the basis of sex, violating Title VII and the IHRA.

17. In or around April 2025, Plaintiff's Director, Corey (LNU), came into her office and offered her $1,000 to sleep with him.

18. Corey said, "$1,000 could really change a woman's life. As a married man, sometimes you want to do something else."

19. Corey repeated that $1,000 could change a woman's life and added that it could help cover Plaintiff's rent.

20. Plaintiff refused Corey's inappropriate advances and offer.

21. Plaintiff's refusal indicates that the coercive sexual advance was unwelcome.

22. Opposing the unwelcome sexual advance was protected activity under Title VII and the IHRA.

23. Around the same time, Plaintiff met with Defendant's Vice President and HR representative Laquan Nelson in-person and reported the Corey's conduct.

24. Mr. Nelson asked if Plaintiff wanted to take any action.

25. Plaintiff said no that she wanted to make them aware and see if the situation improved.

26. Pursuant to 29 C.F.R. § 1604.11, Defendant was responsible for Corey's sexual harassment in the workplace since it knew of the conduct and had an obligation to take action to prevent the conduct from further occurring.

27. Mr. Nelson apologized and said the Corey's comments did not reflect the company's values.

28. In early May 2025, Corey approached Plaintiff again and attempted to pressure her into fraudulently adding names to a list of group therapy attendees because the company is paid per attendee.

29. Plaintiff refused because she knew the President prohibited this activity specifically and Plaintiff reasonably believed that the conduct was illegal, unethical, or otherwise improper.

30. Later that month, Corey changed Plaintiff's work schedule by moving her start time two hours earlier.

31. Only Plaintiff's work schedule was changed, and everyone else's schedule remained the same.

32. At the time of the change that he implemented, Corey was aware that Plaintiff dropped her child off at school in the mornings and had previously been instrumental in helping Plaintiff structure her schedule around childcare needs.

33. When Plaintiff asked the assistant director to revert her schedule, she refused.

34. Plaintiff then spoke to the Corey's supervisor, the project manager, and reported both the schedule change and the sexual harassment.

35. This reporting was further protected activity.

36. Plaintiff told the project manager that she believed the schedule change was retaliation.

37. The project manager encouraged her to report the sexual harassment.

38. Plaintiff explained that she had already spoken to Mr. Nelson about the sexual harassment and nothing had changed.

39. The project manager said she would handle it.

40. Around the same time, Corey also began to loudly imply and falsely that Plaintiff was having inappropriate relationships with male coworkers.

41. Corey made comments like, "You gotta be messing with her," to coworkers.

42. Corey would also say to Mr. Nelson, the Vice President and HR representative, "I knew I'd find you two together. I can always find you in her office, Quan."

43. Plaintiff's male colleagues often apologized for how uncomfortable the situation was.

44. Corey, however, never apologized.

45. Plaintiff estimates she spoke with HR approximately 15-20 times over several months about the director's ongoing sexual harassment, sex-based discrimination, and retaliation.

46. Plaintiff asked HR if she would lose her job for reporting Corey, and HR assured her that she would not.

47. Not long after, Corey then began threatening to report Plaintiff for insubordination, even though she was following his directions.

48. Plaintiff went to HR to report Corey's threats, but they said he was probably just threatening and not actually going to follow through.

49. The director also continued pressuring Plaintiff to falsify therapy attendance records.

50. Plaintiff reported this coercion to HR, explaining it was against company policy

51. However, HR did not follow up or investigate.

52. In or around May 2025, Plaintiff's Assistant Director told her about his conversation with Corey, where Corey said, "You gotta be fucking her to think she deserves a promotion."

53. Plaintiff immediately reported this to Mr. Nelson.

54. Mr. Nelson said that he did not hear Corey say that but acknowledged that Corey had passionately spoken out against Plaintiff's promotion.

55. Mr. Nelson did not follow up or investigate Plaintiff's report.

56. Additionally, in or around May 2025, Plaintiff had a phone meeting with Corey and the project manager to discuss Corey's conversation.

57. During that call, the project manager stated that Corey's behavior had to stop and that it did not reflect the company's values.

58. Corey apologized.

59. The project manager then told Plaintiff to forgive Corey and move on.

60. About a week later, the project manager visited Plaintiff in her office and asked if the harassment had continued.

61. Plaintiff told her that it had.

62. Plaintiff also informed the project manager about Corey's "$1,000 offer" incident and his highly inappropriate comment to Plaintiff's Assistant Director about sleeping together to get a promotion.

63. The project manager acknowledged that this behavior constituted sexual harassment, along with other inappropriate conduct, and expressed concern for Plaintiff's mental health, and asked Plaintiff to confront Corey directly that day.

64. Plaintiff declined because she was scared.

65. The project manager then said she would handle it after returning from vacation.

66. Plaintiff reported all on-going harassment and conversations to HR, who reassured her that she would not lose her job.

67. Unfortunately, nothing changed, and the harassment continued.

68. On or about June 13, 2025, Plaintiff submitted her resignation and two weeks' notice.

69. HR asked Plaintiff what she planned to say in her exit interview about why she was leaving.

70. Plaintiff responded that she would be honest and share that she was leaving because of Corey and the hostile work environment.

71. Following her resignation, Plaintiff was treated like she was a problem.

72. Plaintiff became exhausted from being ignored, bullied, and having to fight just to get through each workday.

73. Plaintiff's last day was scheduled for June 27, but she informed HR on June 23 that she could not finish remainder of the week because the work environment had become extremely tense to the point that it interfered with her ability to do her job.

74. On or about June 24, 2025, President Miyi offered Plaintiff her job back.

75. Plaintiff was discriminated against on the basis of her sex (female) and was also subjected to sexual harassment and retaliated against in violation of Title VII and the IHRA.

76. Plaintiff was unlawfully and constructively discharged because of her sex, (female) on or about June 13, 2025.

77. Plaintiff was retaliated against, and she was ultimately constructively discharged for opposing unlawful discrimination and for exercising her protected rights.

78. Plaintiff reported the sex-based discrimination, harassment, and retaliation to Defendant.

79. Plaintiff was targeted because of her sex and reporting of illegal activity.

80. Plaintiff suffered multiple adverse employment actions including, but not limited to, being constructively discharged.

81. There is a basis for employer liability for the sex-based discrimination and harassment to which Plaintiff was subjected to.

82. Plaintiff can show that she engaged in statutorily protected activity—a necessary component of her retaliation claim—because Plaintiff reported sex-based harassment and discrimination.

83. At all relevant times, Corey was a supervisor of Defendant with authority to make and implement terms and conditions of Plaintiff's employment.

84. Accordingly, because the discrimination, harassment and retaliation were carried out by a supervisor of Defendant who was acting within the scope of their employment, Defendant is strictly liable for the supervisor's discrimination, harassment and retaliation Plaintiff was subjected to.

## COUNT I
**Violation of Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

85. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

86. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

87. Plaintiff was a member of a protected class under Title VII, due to Plaintiff's sex, female.

88. Plaintiff met or exceeded performance expectations.

89. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

90. Defendant constructively discharged Plaintiff's employment on the basis of Plaintiff's sex.

91. Defendant acted in willful and reckless disregard for Plaintiff's protected rights.

92. At all relevant times, Corey was a supervisor of Defendant with authority to make and implement terms and conditions of Plaintiff's employment.

93. Accordingly, because the discrimination, harassment and retaliation were carried out by a supervisor of Defendant who was acting within the scope of their employment, Defendant is strictly liable for the supervisor's discrimination, harassment and retaliation Plaintiff was subjected to.

94. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Sex-Based Harassment)**

95. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

96. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

97. Plaintiff was a member of a protected class under Title VII, due to Plaintiff's sex, female.

98. Defendant knew or should have known of the harassment.

99. The sex-based harassment was severe or pervasive.

100. The sex-based harassment was offensive subjectively and objectively.

101. The sex-based harassment was unwelcomed.

102. Defendant acted in willful and reckless disregard for Plaintiff's protected rights.

103. At all relevant times, Corey was a supervisor of Defendant with authority to make and implement terms and conditions of Plaintiff's employment.

104. Accordingly, because the discrimination, harassment and retaliation were carried out by a supervisor of Defendant who was acting within the scope of their employment, Defendant is strictly liable for the supervisor's discrimination, harassment and retaliation Plaintiff was subjected to.

105. As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
**Violation of Title VII of The Civil Rights Act of 1964**
**(Retaliation)**

106. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

107. Plaintiff was a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), due to her sex, female.

108. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex-based discrimination and harassment.

109. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII.

110. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex-based discrimination and harassment.

111. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

112. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

113. By virtue of the foregoing, Defendant retaliated against Plaintiff in response to Plaintiff reporting the sex-based discrimination and harassment, thereby violating Title VII.

114. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

115. At all relevant times, Corey was a supervisor of Defendant with authority to make and implement terms and conditions of Plaintiff's employment.

116. Accordingly, because the discrimination, harassment and retaliation were carried out by a supervisor of Defendant who was acting within the scope of their employment, Defendant

is strictly liable for the supervisor's discrimination, harassment and retaliation Plaintiff was subjected to.

117. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

**COUNT IV**
**Violation of the Illinois Human Rights Act, 775 ILCS5/**
**(Sex-Based Discrimination)**

118. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

119. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of the Illinois Human Rights Act, 775 ILCS5/ ("IHRA").

120. Plaintiff was a member of a protected class under the IHRA, due to Plaintiff's sex, female.

121. Plaintiff met or exceeded performance expectations.

122. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

123. Defendant constructively discharged Plaintiff's employment on the basis of Plaintiff's sex.

124. Defendant acted in willful and reckless disregard for Plaintiff's protected rights.

125. At all relevant times, Corey was a supervisor of Defendant with authority to make and implement terms and conditions of Plaintiff's employment.

126. Accordingly, because the discrimination, harassment and retaliation were carried out by a supervisor of Defendant who was acting within the scope of their employment, Defendant

is strictly liable for the supervisor's discrimination, harassment and retaliation Plaintiff was subjected to.

127. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT V**
**Violation of Illinois Human Rights Act (775 ILCS5/)**
**(Sexual Harassment)**

128. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

129. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Illinois Human Rights Act, 775 ILCS5/ ("IHRA").

130. Plaintiff was a member of a protected class under the IHRA, due to her sex, female.

131. Defendant knew or should have known of the harassment.

132. The sexual harassment was severe or pervasive.

133. The sexual harassment was offensive subjectively and objectively.

134. The sexual harassment was unwelcomed.

135. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

136. At all relevant times, Corey was a supervisor of Defendant with authority to make and implement terms and conditions of Plaintiff's employment.

137. Accordingly, because the discrimination, harassment and retaliation were carried out by a supervisor of Defendant who was acting within the scope of their employment, Defendant is strictly liable for the supervisor's discrimination, harassment and retaliation Plaintiff was subjected to.

138. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT VI**
**Violation of the Illinois Human Rights Act, 775 ILCS 5/**
**(Retaliation)**

139. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

140. Plaintiff was a member of a protected class under the Illinois Human Rights Act, 775 ILCS5/ ("IHRA").

141. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment or sex-based discrimination.

142. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the IHRA.

143. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual harassment or sex-based discrimination.

144. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

145. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

146. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment or sex-based discrimination, thereby violating the IHRA.

147. Defendant acted in willful and reckless disregard for Plaintiff's protected rights.

148. At all relevant times, Corey was a supervisor of Defendant with authority to make and implement terms and conditions of Plaintiff's employment.

149. Accordingly, because the discrimination, harassment and retaliation were carried out by a supervisor of Defendant who was acting within the scope of their employment, Defendant is strictly liable for the supervisor's discrimination, harassment and retaliation Plaintiff was subjected to.

150. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Award pre-judgment interest if applicable; and

h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated: March 17, 2026.

***/s/ Chad W. Eisenback***
**CHAD W. EISENBACK, ESQ.**
**NATHAN C. VOLHEIM, ESQ.**
**CHASIDY K. CLARK, ESQ.**
**SULAIMAN LAW GROUP, LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: 630-575-8181
ceisenback@atlaslawcenter.com
nvolheim@atlaslawcenter.com
cclark@atlaslawcenter.com
*Counsel for Plaintiff*